# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MITCHELL D. ROZIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-06-1344-F |
| ) | |
| GENE GREER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff's "Motion to Remand," filed December 13, 2006, is before the court. Defendant has responded, although the response is confused and nearly incomprehensible. The motion is ready for determination.

Title 28 U.S.C. § 1446(b) provides that a notice of removal shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based. The state court docket sheet indicates that the "summons with petition" was "served upon Gene Greer" "in person," on July 30, 2006.  (CJ-2006-6024, District Court for Oklahoma County, docket entry of August 3, 2006.)  Accordingly, any removal was required within 30 days of July 30, 2006, that is, by August 29, 2006.  The notice of removal was not filed until December 7, 2006, more than three months late. Defendant offers no meritorious arguments which would extend the 30-day period. The court finds and concludes that the removal was untimely and that this action should be remanded for this reason.

Furthermore, the removal statutes provide that if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  28 U.S.C. § 1447(c).  It appears that defendant asserts federal question jurisdiction as the basis for this court's subject matter jurisdiction.  No

federal question appears on the face of the petition, however, and the requirements of federal diversity jurisdiction are not satisfied. The court finds and concludes that it does not have jurisdiction over this action and that this action should be remanded for this reason as well.

Title 28 U.S.C. § 1447(c) provides that an order of remand may require payment of just costs and any actual expenses, including attorney fees, which are incurred as a result of the removal. Plaintiff's motion requests an award of such costs and fees. The court finds that there was no objectively reasonable basis for the removal and grants plaintiff's request for an award of his qualified costs and expenses including attorneys' fees. In this regard, if plaintiff wishes to pursue a specific award for his costs and fees, he is required to file, within ten business days of the date of this order, a bill of costs and a separate motion for attorneys' fees with the necessary supporting documentation, all in the usual manner. In the meantime, determination of any cost and fee matters shall not impede the state district court's proceedings in this action.

In conclusion, after careful consideration of the parties' submissions, the record, and the relevant authorities, plaintiff's "Motion to Remand" is **GRANTED**. This action is hereby **REMANDED** to the District Court for Oklahoma County, Oklahoma, the state court from which it was removed.

Dated this 4th day of January, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-1344p001(pub).wpd